■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP CHAPMAN, Also Known as P. CHAPKEWITZ, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 4, 1963 on his plea of guilty, convicting him of attempted possession of burglars' tools (as a felony), and imposing sentence upon him as a second felony offender. Judgment affirmed. The defendant's principal contention is that it was error for the trial court to accept his plea of guilty to the crime of attempted possession of burglars' tools (as a felony), since the court had been put on notice that the defendant was under the influence of barbiturate drugs, and not in control of his faculties at the time of his commission of the crime. We find this contention to be untenable. While, during the course of colloquy at the trial, a reference to drugs was made, there is no proof in the record which would indicate that the defendant committed the crime by reason of the use of drugs or by reason of the effects of such use. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS MATTHEWS, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered October 25, 1962 after a jury trial, convicting him of robbery in the first degree and carrying a dangerous weapon (as a felony), and imposing sentence. Judgment affirmed. Although the introduction of the statement, which defendant allegedly made to the Assistant District Attorney, was not proper because it was not signed or acknowledged by defendant (*People* v. *Kenny*, 20 A D 2d 578), it was merely a substitute for or a short cut to the stenographer's oral testimony that the questions of the Assistant District Attorney and the answers made by defendant were heard and recorded by him at the time. The oral testimony of the stenographer as to the questions and answers would have been admissible. In any event, the reception in evidence of the recorded questions and answers did not affect defendant's substantial rights and does not require a reversal, since there was also testimony by a detective that several hours prior to the alleged confession to the Assistant District Attorney, the defendant had made the same confession to him. The gun used by defendant was properly admitted in evidence; it was not obtained as the result of illegal search and seizure. The gun was owned by one Rodaligo, who gave permission to the police officer to search for it in the apartment of Rodaligo's parents and thereafter to seize it. When the police officer came to that apartment, the parents also consented to the search. Under the circumstances, there was no illegal search and seizure; nor was defendant entitled to object to use of the gun at his trial (*Wong Sun* v. *United States*, 371 U. S. 471; *People* v. *Rodriquez*, 11 N Y 2d 279). Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.